Raymond **LOCKETT**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 73–2190

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Carl J. Barbier, New Orleans, La. (Court appointed), for petitioner-appellant.

Shirley G. Wimberly, Jr., Asst. Dist. Atty., Orleans Parish, Russell J. Schonekas, G. Thomas Porteous, Jr., Leroy A. Hartley, New Orleans, La., Wiliam J. Guste, Jr., Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Raymond Lockett appeals from the denial of his application for a writ of habeas corpus, alleging the following: first, that the district court erred in holding that as a matter of law a guilty plea can be voluntary despite the fact that an accused is not specifically apprised of his right to trial by jury, his privilege against self-incrimi-nation and his right to confront his accusers; and second, that the district court erred in failing to enter findings of fact and conclusions of law in accordance with Rule 52(a), F.R.Civ.Pro. Finding these contentions to be without merit, we affirm the judgment of the district court.

Lockett was arrested on December 19, 1969, on a charge of burglary. At his arraignment, he tendered a plea of not guilty. On the date scheduled for trial he withdrew his plea through his court-appointed counsel and entered a plea of guilty. He personally assured the court of his understanding of the guilty plea during a series of questions directed to him personally. Subsequently he was sentenced to serve eight years at hard labor.

After exhausting his state remedies, he filed his petition for a writ of habeas corpus in the district court. An evidentiary hearing was conducted on December 21, 1972 before the United States Magistrate who recommended to the district court that the petition be granted on the ground that the state court record failed to comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). On March 28, 1973, the district court rendered its memorandum of reasons, in which it adopted the findings of fact made by the Magistrate, but ordered that the petition for habeas corpus be denied because "the Court does not concur with the Magistrate that the plea of guilty was received . . . in violation of Boykin." A final judgment was entered by the district court on March 29, 1973 dismissing Lockett's petition.

Lockett's first contention that since the state record fails to specifically show that he waived his right to trial by jury, his privilege against self-incrimination and his right to confront his accusers, his guilty plea is infirm under Boykin v. Alabama, *supra* is without merit. A similar contention was made and unequivocally rejected in United States v. Frontero, 452 F.2d 406, 415

(5th Cir. 1971).[1] We do not understand any language in United States v. Escandar, 465 F.2d 438, 441 (5th Cir. 1971) to be inconsistent with the view enunciated in *Frontero*.

 His second contention, that the memorandum of reasons issued by the district court falls short of the requirements of Rule 52, F.R.Civ.Pro., is equally unavailing. We feel that it was sufficient for the district court, after adopting the Magistrate's findings of fact, to merely announce that it disagreed with the expansive reading the Magistrate gave to Boykin v. Alabama, *supra*.

We affirm the judgment of the district court.

Affirmed.

---

1. The Fifth Circuit's position is in accord with that of several other circuits. *See, e. g.*, Stinson v. Turner, 473 F.2d 913, 916 (10th Cir. 1973); Wade v. Coiner, 468 F.2d 1059, 1061 (4th Cir. 1972).