UNITED STATES of America ex rel. Thomas LiPUMA, Petitioner,

v.

Louis J. GENGLER, Warden, Federal House of Detention For Men, Respondent.

No. 75 Civ. 2587.

United States District Court, S. D. New York.

March 25, 1976.

Michelman & Michelman, New York City, for petitioner; Harvey J. Michelman, Jerry DeLuise, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for United States; Richard J. Weisberg, Asst. U. S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now confined at the Greenhaven Correctional Facility, Stormville, New York, under a state judgment of conviction, seeks his release from federal parole status. On January 10, 1969, he was sentenced in the United States District Court for the Western District of Michigan to five years' imprisonment following his conviction of bank robbery. His full-term expiration date was January 4, 1974.

Petitioner was released on parole on November 16, 1970. While a parolee he was indicted on February 1, 1972 in New York County for burglary in the second degree, petty larceny and criminal possession of stolen property in the third degree. Soon thereafter, on February 8, 1972, based upon these charges and association with persons engaged in criminal activity, the United States Board of Parole ("Parole Board") issued a parole violator's warrant. In accordance with its usual practice, the Parole Board instructed the United States Marshal to hold the warrant in abeyance pending the outcome of the criminal charges in New York County. Petitioner was enlarged on bail on those charges.

On May 10, 1974, petitioner was convicted of the charges in the New York County Supreme Court upon a jury trial and released on bail pending a presentence report. On May 14, 1974, pursuant to instructions by the Parole Board, the United States Marshal executed the warrant and took petitioner into custody. Petitioner was offered an immediate preliminary interview by a United States probation officer, but at petitioner's instance a postponement was granted. His attorney requested a further postponement and the interview was held on July 18 with petitioner and his attorney present. The United States probation officer found probable cause to hold petitioner for a revocation hearing, which was held at the Lewisburg Federal Penitentiary on October 17, 1974. Petitioner was represented at that hearing by counsel and waived calling witnesses. Following the hearing the Board revoked petitioner's parole based upon the state court conviction. His new full-term expiration date on his federal sentence is July 1, 1977. On June 3, 1975 petitioner was granted parole, and pursuant to an outstanding New York State detainer was delivered to the custody of the state authorities. He is currently serving his state sentence.

Petitioner seeks his release from federal custodial status upon the following grounds: (1) jurisdiction to execute a parole warrant did not exist after January 4, 1974, the original expiration date of his federal sentence; (2) even if jurisdiction did exist and a valid United States parole violation warrant had been issued, petitioner was entitled to, but did not

receive, a speedy execution of the warrant and a prompt hearing; and (3) even if the United States Attorney General acted under color of law in not executing the parole warrant pending petitioner's trial on the state criminal charges, petitioner was entitled to an immediate discharge from the custodial restraints of parole as of January 4, 1974, the original expiration date of his federal sentence.

■ Petitioner's first contention is without merit. As long as the warrant was issued within the maximum term for which petitioner was sentenced,[1] which it was, it can be executed after the expiration of that term.[2]

■ As to petitioner's next contention, there can be no quarrel with his statement that due process required the Board to execute the parole warrant without unreasonable delay and to afford him a revocation hearing within a reasonable time after he was taken into custody.[3] But stating that he is entitled to such due process begins rather than ends inquiry. What constitutes unreasonable delay may vary according to the facts and circumstances of each case.[4]

Our starting point is the fact that while on parole release petitioner was indicted for a state crime, which triggered the issuance of the parole warrant, the execution of which was stayed pending a trial in the state court. The stay of the warrant of which he now complains was for his benefit. The delay was pursuant to the Board's longstanding policy to protect the interests of the parolees. This policy is grounded on the following considerations:

(1) permitting a parolee to clear himself of the criminal charges, with the likelihood, if he succeeds, that the warrant will not be executed;

(2) avoiding the necessity of requiring the parolee to testify before the Board on the matters involved in the pending criminal case, which may confront him with a choice of pleading his right against self-incrimination, making admissions against his interest or testifying falsely in an effort to exonerate himself;[5]

(3) avoiding inconsistent findings of fact on the same charge wherever possible; and

(4) avoiding prejudice to the parolee's ability to defend himself by removing him from the district in which the criminal proceedings are pending.

■ These are weighty factors favorable to a parolee which justify withholding the execution of the warrant. A stay of execution of the warrant for these reasons has been recognized as reasonable in our circuit[6] and in other circuits which have considered the matter.[7] Entirely apart from the beneficial pur-

---

1. 18 U.S.C. § 4205.

2. *Avellino v. United States,* 330 F.2d 490 (2d Cir.), *cert. denied,* 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1964). *Accord, McGinnis v. United States ex rel. Pollack,* 452 F.2d 833, 836 (2d Cir. 1971), cert. denied, 406 U.S. 905, 92 S.Ct. 1606, 31 L.Ed.2d 815 (1972). *See also Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974); *Noorlander v. United States Attorney General,* 465 F.2d 1106, 1109 (8th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973); *Barr v. Parker,* 453 F.2d 865, 866–67 (9th Cir. 1971); *Cox v. Feldcamp,* 438 F.2d 1 (5th Cir. 1971); *Moore v. Smith,* 412 F.2d 720, 722–23 (7th Cir. 1969); *Shelton v. United States Bd. of Parole,* 128 U.S.App.D.C. 311, 388 F.2d 567, 571–72 (1967).

3. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

4. *Cf. Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972); *Shelton v. United States Bd. of Parole,* 28 U.S.App.D.C. 311, 388 F.2d 567, 574 (1967).

5. *Cf. United States v. Winter,* 348 F.2d 204, 210 (2d Cir.), *cert. denied,* 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965).

6. *Avellino v. United States,* 330 F.2d 490, 491 (2d Cir.), *cert. denied,* 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1964): "It was entirely reasonable for the Parole Board to hold in abeyance the execution of the warrant until all the charges filed against Avellino were finally determined. Had Avellino been exonerated of the charges it is quite probable that the warrant would never have been executed."

7. *Gaddy v. Michael,* 519 F.2d 669, 673–74 (4th Cir. 1975); *Burdette v. Nock,* 480 F.2d 1010, 1012 (6th Cir. 1973); *Shelton v. United States Bd. of Parole,* 128 U.S.App.D.C. 311, 388 F.2d

pose of the delay, petitioner has not made the slightest showing of prejudice.

 Petitioner's further claim that a final revocation hearing was unreasonably delayed following his conviction in the state court is without substance. The warrant was executed and petitioner taken into custody within four days of his conviction in the state court, and he was tendered an immediate preliminary hearing on the issue of probable cause. This hearing was twice delayed at his and his counsel's request. The final revocation hearing was held within three months after the preliminary hearing. In the circumstances, he was afforded a revocation hearing within a reasonable time.[8] Even if the delay were unreasonable, this does not render custody unlawful absent a showing of prejudice and where a fair hearing is provided.[9] Petitioner here fails to allege any prejudice, much less has he made a showing of prejudice. His state court conviction is not challenged. He appeared before the Board as a parole violator by reason thereof and expressly waived his right to produce witnesses. He was represented by counsel, who raised no issue of delay. Thus he was accorded both a fair hearing and a reasonably prompt one.

Finally, the claim is made that even if the Parole Board acted within its authority in staying the execution of the parole warrant during the two and a half year period that petitioner's state indictment was pending, and thus continuing him in parole status, nonetheless petitioner was entitled to be free of the custodial restraints[10] of a parolee beyond the normal expiration date of his sentence. Thus, the contention is that during the four-month period from January 4, 1974, the original expiration date of his sentence, to May 14, 1974, when the parole warrant was executed and he was arrested, the Parole Board was without power to require the petitioner to report or to be subject to the direction of a parole officer.

This claim was originally advanced in petitioner's attorney's brief without any factual support by petitioner, which alone would have required dismissal of the claim since statements d'hors the record and contained in a lawyer's brief are insufficient to raise the issue.[11] However, to avoid delay and to eliminate a further application on the issue, the court invited petitioner and the parole officer to submit affidavits. Petitioner states that he was advised by his parole officer on or about February 18, 1972 of the issuance of the parole violator's warrant by reason of his arrest and indictment in the state court and that it would not be executed as long as petitioner reported as required and complied with all conditions imposed by the Parole Board. Thereafter and until May 14, 1974, when the warrant was executed and he was taken into federal custody, petitioner swears he continued to report to his parole officer and fill out the monthly parole report forms. He further avers that in January 1974, when the original five-year maximum term expired, he informed the parole officer that he "was no longer required under law to continue on parole," and that thereafter the parole officer advised him that unless he continued to report, action would be taken to imprison him. Thus petitioner denies that he continued to report

---

567, 573 (1967). It should be noted that the instant case deals with a stay of execution of a parole violator's warrant pending the adjudication of new criminal charges, and not a stay of execution pending service of sentence on the new charges, as to which different considerations may apply.

8. Cf. *Marchand v. Director,* 421 F.2d 331, 335 n. 5 (1st Cir. 1970).

9. *United States ex rel. Blassingame v. Gengler,* 502 F.2d 1388 (2d Cir. 1974); *United States ex rel. Buono v. Kenton,* 287 F.2d 534 (2d Cir. 1961).

10. These include supervision by a parole officer, the requirement of regular reporting, the restraints against association with criminals, leaving the jurisdiction without consent of the parole officer, and other restrictions usually imposed upon a parolee by parole authorities.

11. Cf. *Morrissey v. Brewer,* 408 U.S. 471, 476, 92 S.Ct. 2593, 2597, 33 L.Ed.2d 484, 491 (1972).

up to May 14, 1974 on a voluntary basis; he alleges it was only because of fear that he would have to fight the federal parole violation charge and at the same time resist the state criminal charges that he reported.

The parole officer has submitted an affidavit in which he acknowledges that when the parole violation warrant was issued in February 1972 he was under the impression that, under existing regulations,[12] petitioner was required to meet all obligations of a federal parolee until such time as the pending state charges were resolved, even if this occurred after the expiration of the parolee's full-term date, and he so advised petitioner several times after the issuance of the warrant.

Evidently petitioner reported regularly thereafter. However, during this period the parole officer developed reservations about his advice to petitioner that he was still under a duty to meet the obligations of a parolee beyond the expiration of his full-term date. Accordingly, when petitioner reported to the parole officer on January 14, 1974 (ten days beyond his full-term date) concerning his activities during December 1973, the parole officer advised that since the full-term date had expired he was no longer required to report physically, but if petitioner was in the area, the parole officer would like him to drop by since the officer wanted to keep abreast of the situation. The officer states that he requested petitioner to mail him monthly reports concerning his whereabouts and employment, but he denies he ever told petitioner that the warrant would be executed or that petitioner would be imprisoned if he failed to comply with the requests. He states further that petitioner did not appear at the parole office, but did submit the requested reports on February 20, March 18 and April 17, 1974.

The court deems it unnecessary to resolve the disputed issues as to whether petitioner continued to report to the parole officer or voluntarily filed the three reports after the expiration date of his original sentence. Accepting petitioner's version, there is no showing that petitioner was prejudiced by his appearances or by the filing of those reports as to his whereabouts so as to give rise to a constitutional infirmity of the revocation of parole based upon a hearing at which he was represented by counsel.

Moreover, since petitioner does not now suffer any "collateral consequences"[13] of the imposition of parole restrictions during the period from January 4, 1974 to May 14, 1974, any claim that the restrictions were illegally imposed is moot.[14]

The petition is dismissed.

---

12. The current regulations make it clear that parole restrictions are to continue only until the normal expiration date of the sentence or the execution of the warrant, whichever comes first, where execution of the warrant is delayed pending disposition of local charges. 28 C.F.R. § 2.52 (1975).

13. Cf. Carafas v. LaVallee, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554, 558 (1968).

14. See, e. g., Brown v. Yeldell, 159 U.S.App. D.C. 339, 487 F.2d 1210 (1973).