**UNITED STATES ex rel. Louis M. PIHAKIS, Petitioner,**

**v.**

**Dale THOMAS, Warden of the Metropolitan Correctional Facility, Respondent.**

**No. 79 Civ. 3035–CSH.**

United States District Court, S. D. New York.

April 18, 1980.

Irwin Klein, P. C, New York City, for petitioner.

William M. Tendy, U. S. Atty., New York City, for respondent; Nancy E. Friedman, Asst. U. S. Atty., New York City, of counsel.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

In a petition sworn to on June 8, 1979, Louis Pihakis seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, on the basis of alleged jurisdictional defects in a proceeding before the United States Parole Commission whereby petitioner's parole was revoked.[1]

1. The Government does not claim that a petition for a writ of habeas corpus brought under 28 U.S.C. § 2255 is an improper method of raising this issue. However, *Toomey v. Young*, 442 F.Supp. 387 (D.Conn.1977), *aff'd*, 589 F.2d 123 (2d Cir. 1979), upon which petitioner relies, concerned a similar challenge to a Parole Commission decision. There, the writ was sought pursuant to 28 U.S.C. § 2241, and then District Judge Newman apparently concluded that

On December 13, 1978, while on parole pursuant to a federal conviction in Florida, petitioner was convicted in this District of mail and wire fraud and perjury. The Southern District convictions triggered the parole revocation process at issue. Petitioner was served with a parole violation warrant in connection with his Florida sentence and was taken into custody on March 9, 1979. The specification of charges in the warrant, dated January 1, 1979, read as follows:

> "MAIL AND WIRE FRAUD (15 counts)
>
> On 12/13/78, subject was convicted of the above law violations in U.S. District Court, Southern District of New York, according to USPO Hemby in his Memo dated 1/3/79."

A parole revocation hearing was held on May 30, 1979. At that time, petitioner was served with a second warrant dated May 3, 1979, which specified the charges as follows:

> "MAKING FALSE DECLARATION BEFORE A GRAND JURY
>
> On December 13, 1978, subject was convicted of the above law violations in United States District Court, Southern District of New York according to USPO Hemby's memo dated January 3, 1979 and report dated March 6, 1979 with attachment."

The criminal acts underlying all of the December 13 convictions, other than the perjury conviction, had been committed prior to the time petitioner was placed under federal parole supervision. Thus, those pre-parole acts could not support a finding that petitioner had violated the terms of his parole. However, since petitioner had committed perjury on April 12, 1978 while a parolee, that crime could form the basis of the finding of a parole violation.

After Pihakis had been served with the "corrected" warrant, and before the revocation proceeding commenced, the Parole Commission offered the petitioner additional time to prepare for the hearing, which offer Pihakis declined. The hearing was consequently held as scheduled. Pihakis was found to have violated the terms of his parole by virtue of his perjury conviction. His parole was revoked and he was required to serve the sentence for his 1975 Florida conviction in full, without credit for his time on parole.

In support of the petition, Pihakis claims that although the second warrant was labeled as a "correction" to the first, it was in fact a supplementary warrant which the Parole Commission was not empowered to issue after the March 27, 1979, expiration of his parole supervision term. 18 U.S.C.A. § 4210 (West Supp.1979); 28 C.F.R. § 2.44 (1978).[2] He also contends, in effect, that

§ 2241 provided the appropriate statutory vehicle for pressing such a claim. That section provides in pertinent part:

> "(c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> "(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> "(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> "(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> "(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> "(5) It is necessary to bring him into court to testify or for trial."

While § 2241 and not § 2255 would appear to provide the appropriate jurisdictional basis for this action, the error in denominating the statute under which relief is sought in and of itself does not warrant dismissal of the petition, especially where as here the Government does not urge such a result. *See also Martineau v. Perrin*, 601 F.2d 1201 (1st Cir. 1979).

2. The jurisdiction of the Parole Commission is set forth in 18 U.S.C. § 4210, which states in pertinent part that the "jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced . . . ." Section 2.44 of Volume 28 of the Code of Federal Regulations states in pertinent part: "A summons or warrant may be issued only within the prisoner's maximum term or terms . . . ." Neither the statute, nor the Code of Federal Regulations extends the Parole Board's jurisdiction to issue a parole

the first warrant did not give him notice that the perjury conviction was being used as a basis for the parole violation charge.

The Government first argues that Pihakis' petition is moot. Insofar as the relief sought originally was bail pending appeal of the December 13 convictions, the petition is mooted by the Second Circuit's affirmance of those convictions. *United States v. Pihakis*, 607 F.2d 1000 (2d Cir. 1979). This does not, however, moot the petition as to the alleged illegality of the parole revocation.

The petitioner is presently serving his parole violation sentence concurrently with the sentence imposed as a result of his December 13 convictions. The fact that the petitioner's release from custody could not be ordered, were his claims found meritorious, does not moot his petition. Section 2244(b) of Title 28, United States Code, authorizes the "release from custody or other remedy" as may be appropriate if a writ is issued. *See Williams v. United States Bd. of Parole*, 383 F.Supp. 402, 405 (D.Conn. 1974), where the court, upon finding a due process violation in the decision to rescind Williams' parole, ordered that decision expunged from his record.

In *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court held that a discharge from parole did not moot a habeas corpus petition filed while petitioner was on parole. Although the petitioner was no longer in custody he retained "a substantial stake in the judgment of [the underlying criminal] conviction which survives the satisfaction of the sentence imposed on him." *Id.* at 237, 88 S.Ct. at 1559. The Supreme Court has also stated that the mere possibility that adverse collateral consequences may result from a criminal conviction is sufficient to rescue an appeal from claims of mootness once the imposed sentence has been served. *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1898, 20 L.Ed.2d 917 (1968). *See also Fiswick v. United States*, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *Ginsberg v. New York*, 390 U.S. 629, 633 n. 2, 88 S.Ct. 1274, 1276 n. 2, 20 L.Ed.2d 195 (1968).

Although the instant case may be distinguished from *Carafas* since the petitioner attacks his parole revocation, rather than his underlying criminal convictions, the reasoning of *Carafas* and *Sibron* is applicable to save the petition from mootness. *See Hewett v. State of North Carolina*, 415 F.2d 1316, 1320–21 (4th Cir. 1969) (citing *Carafas, supra*, and *Sibron, supra*) (habeas corpus relief granted in an attack on a probation revocation, not petitioner's criminal convictions). Collateral legal consequences may well flow from the parole revocation which is now permanently affixed to the petitioner's record. In any future determination of Pihakis' parole eligibility, the Parole Commission may consider "official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences." 18 U.S.C.A. § 4207(2) (West Supp.1979). *See Hewett, supra*; *Hahn v. Burke*, 430 F.2d 100, 102 (7th Cir. 1970), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971) (probation revocation "affixes a permanent blemish to petitioner's record"); *Martineau v. Perrin*, 601 F.2d 1201, 1205 (1st Cir. 1979) (collateral legal consequences attach); *Williams v. United States Bd. of Parole, supra*, 383 F.Supp. at 403 ("petitioner may incur adverse collateral legal consequences as a result of the rescission of his parole"). I conclude that the petition is not moot and accordingly, I turn to the merits of Pihakis' petition.[3]

violator warrant beyond the expiration of the supervision term. *Toomey v. Young, supra*, 442 F.Supp. at 391.

3. The Government also claims that petitioner has failed to exhaust his administrative remedies since at the time this petition was filed, an appeal of the parole revocation was pending before the National Appeals Board. The petitioner argued that the case pending appeal and the petition were unrelated. Were he correct, a dismissal of the petition, without prejudice, for failure to exhaust administrative remedies on the issues currently before this Court would

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court articulated the due process rights of a parolee facing parole revocation. While the Court emphasized that a parole revocation "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations," *id.* at 480, 92 S.Ct. at 2600, it held that the parolee is entitled to "written notice of the claimed violations of parole." *Id.* at 489, 92 S.Ct. at 2604; *Kloner v. United States*, 535 F.2d 730, 735 (2d Cir. 1976); *United States ex rel. Carson v. Taylor*, 540 F.2d 1156, 1159 (2d Cir. 1976). The issue here is twofold: whether the warrant served upon Pihakis on May 3 was a supplement to the first, issued at a time when the Board no longer had jurisdiction over him; and whether the first warrant gave sufficient notice that all of the December 13 convictions would be charged as parole violations. In the Government's view the second warrant merely clarified the form of the first warrant by specifying which of the December 13 convictions would ultimately be relied upon as the basis for a parole revocation; as such, it is argued, the original warrant provided adequate notice that the perjury conviction was at issue and the second warrant was merely a correction which related back to the first, issued within the jurisdictional time limits.

The petitioner relies upon *Toomey v. Young*, 442 F.Supp. 387 (D.Conn.1977), *aff'd*, 589 F.2d 123 (2d Cir. 1979) (per curiam). In *Toomey*, a valid parole violator warrant was issued while Toomey was a mandatory releasee pursuant to 18 U.S.C. § 4164. Subsequent to the termination of his supervision period, the United States Parole Commission added a new and unrelated conviction to the warrant. The Court found that the Commission had no authority, statutory or otherwise, to supplement a warrant "with additional charges" after the period of supervision had expired. *Id.* at 392.

■ Upon examination of the facts in the instant case, I find that the second warrant did not supplement the first with a new charge, but rather clarified it by specifying which of the convictions of December 13 would form the basis of the parole violation charge.

In *United States ex rel. Carson v. Taylor*, *supra*, the Second Circuit stated:

> "[T]he due process right of notice outlined in *Morrissey* and *Kloner* is [not] offended by technical and nonprejudicial variances between the written notice and the Parole Board's final findings of violations . . . [A]lthough the notice in this case charged failure to submit a supervision report, the Board's reasoning faulted Carson for failing 'to personally visit the parole officer and take care of this matter.' *Since it is obvious that the failure to visit the office is a normal subject of inquiry when considering the failure to submit a report to the parole officer*, Carson could not have been surprised when asked if he had ever visited his officer to acquire and complete a proper supervision report and *the Board was not obligated to specifically charge Carson's failure to come to the parole office.*" 540 F.2d at 1160 n. 3 (emphasis added).

*See also Martineau v. Perrin, supra,* 601 F.2d at 1205.

■■ Similarly, in the instant case, although the original parole violator warrant was marred by a technical error, this was not prejudicial to the petitioner. The original warrant conveyed sufficient notice that the December 13 perjury conviction would

necessarily result. *Guida v. Nelson*, 603 F.2d 261 (2d Cir. 1979). However, examination of petitioner's claims on appeal to the Regional Commissioner and to the National Appeals Board reveals that the Parole Commission's jurisdiction to issue the second warrant was challenged. The fact that those appeals were addressed to the parole revocation decision, while this petition emanates from the alleged illegal imprisonment resulting from the revocation decision does not, as petitioner suggests, distinguish the claims.

In any event, on October 29, 1979, the National Appeals Board affirmed Pihakis' parole revocation. Thus the exhaustion requirement has now been met.

be a subject of the Commission's inquiry when considering petitioner's related December 13 convictions. The original warrant charged the petitioner with the conviction of fifteen counts of mail and wire fraud. In fact, the December 13 convictions were for three counts of mail fraud, 18 U.S.C. § 1341; six counts of wire fraud, 18 U.S.C. §§ 1343 and 2; one count of interstate transportation for the purpose of fraud, 18 U.S.C. §§ 2314 and 2; two counts of interstate transportation of securities and money under fraudulent circumstances, 18 U.S.C. §§ 2314 and 2; and one count of perjury before a grand jury, 18 U.S.C. § 1623, thirteen counts in all. The warrant application, though inaccurate as to the number of counts for which petitioner was convicted, and not specific as to the nature of each offense, clearly was meant to include all of the convictions of December 13. It in fact gave notice that all of the December 13 convictions were at issue.[4]

Once the initial warrant was served, giving notice of the charges to the petitioner, the Parole Commission could assert any of the December 13 convictions as parole violations. While the Parole Commission's jurisdiction over the petitioner terminated on March 27, 1979, precluding it from issuing any additional or supplementary parole violator warrants against him,[5] the May 3 warrant did not add a new and unrelated charge which had not been previously asserted. It merely clarified which of the December convictions would, in the last analysis, be charged against the petitioner as the basis for revoking his parole. I find that the second warrant was a correction rather than a supplement to the first, as that concept is articulated in *Toomey*. Petitioner's argument that the issuance of the second warrant rendered the first warrant void is without merit. The issuance of a valid second warrant during the period of supervision would not appear to void the first warrant. *See United States ex rel. Carson v. Taylor, supra,* 540 F.2d at 1160. Nor is a valid warrant voided by the issuance of an invalid supplementary warrant. *See Toomey v. Young, supra,* 442 F.Supp. at 392. In the light of these considerations, I conclude that a valid correction to an original warrant does not render the latter void.

Accordingly, I hold that the Parole Commission did not exceed its authority in correcting its original parole violator warrant, and that adequate notice of the charge ultimately relied on was given. These being the only grounds asserted in support of the writ, the petition is denied. The Clerk is directed to dismiss the petition forthwith.

However, because the question of correction versus supplementation appears to be one of first impression upon which the Court of Appeals should rule, I hereby grant a certificate of probable cause to appeal. *Alexander v. Harris,* 595 F.2d 87, 91 (2d Cir. 1979).

It is So Ordered.

4. Furthermore, even assuming the notice to have been inadequate to apprise Pihakis that the perjury conviction was at issue, no prejudice resulted since Pihakis was subsequently given the opportunity to adjourn the hearing. The function of the due process notice requirement was thus satisfied. Having declined this opportunity, Pihakis cannot now complain that he lacked adequate notice in sufficient time to prepare a defense to the parole violation charge.

5. *See* note 2 *supra.*