UNITED STATES of America,
Plaintiff-Appellee,

v.

Gregory SACKINGER,
Defendant-Appellant.

No. 370, Docket 82–1213.

United States Court of Appeals,
Second Circuit.

Argued Nov. 1, 1982.

Decided March 23, 1983.

Joseph M. Guerra III, Asst. U.S. Atty., Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Buffalo, N.Y., of counsel), for plaintiff-appellee.

Terrence M. Connors, Buffalo, N.Y. (Damon, Morey, Sawyer & Moot, Lawrence J. Vilardo, Buffalo, N.Y., of counsel), for defendant-appellant.

Before FRIENDLY, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

This case presents the issue of whether defendant's statutory or constitutional

rights were violated by a policy of federal probation authorities to wait until state court sentencing proceedings are completed before instituting federal probation revocation proceedings based on the same act that gave rise to the state criminal charge. The facts, set forth in Judge Elfvin's careful opinion, *United States v. Sackinger,* 537 F.Supp. 1245 (W.D.N.Y.1982), need only be summarized here.

A mere five months after being placed on federal probation for interstate transportation of forged securities, the defendant, Gregory Sackinger, pled guilty to attempted burglary in the third degree in Cattaraugus County, New York. One of the terms of Sackinger's plea bargain, as expressed by the state court judge at the plea colloquy, was that Sackinger's state court sentence would, "if possible," be served concurrently with any sentence received in federal court. After negotiating this plea arrangement, the state court delayed sentencing Sackinger in order to permit the defendant to receive his sentence in the federal probation violation proceedings. The defendant's probation officer, who was not aware that the defendant's state plea arrangement contemplated that the sentence for attempted burglary was to run concurrently with his federal sentence for probation violation, followed office policy and did not institute the revocation proceedings until after the defendant had been sentenced on the state charges. Three and a half months after his guilty plea, Sackinger was sentenced by the state court; less than one month later, probation violation proceedings were commenced against him in federal court.

■ Pursuant to 18 U.S.C. §§ 4082(a) and 3568, sentences imposed by a federal court are administered by the Attorney General and, while the court may recommend that a federal sentence be served in a state facility concurrently with a state sentence, the Attorney General has discretion as to whether or not he will follow the recommendation. *United States v. Johnson,* 563 F.2d 362, 364 (8th Cir.1977); *Ange v. Paderick,* 521 F.2d 1066, 1068 (4th Cir. 1975); *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975). As a result, when the probation officer deferred the revocation proceedings until after defendant was sentenced in state court, in effect he consigned the question of concurrent sentences to the successive discretions of the federal trial court and the Attorney General, and thereby deprived defendant of any guarantee that his state and federal sentences would be concurrent. Since Judge Elfvin felt that a separate additional federal sentence was called for, he did not recommend that defendant serve his federal time in a state facility, and the Attorney General therefore never had to address the problem.

Defendant raises three claims on appeal: (1) that his federal statutory rights to a prompt hearing after "arrest" pursuant to 18 U.S.C. § 3653 and to a hearing within a "reasonable time" pursuant to Fed.R. Crim.P. 32.1(a)(2) were violated because the revocation hearing was held one year after his arrest by state authorities on the state charges; (2) that his constitutional right to a prompt and timely revocation hearing, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), was violated by the probation officer's failure to institute revocation proceedings until after the state court sentencing; and (3) that Judge Elfvin's failure to give effect to the terms of the state court plea agreement and his imposition of a prison term consecutive to the state sentence was an abuse of discretion.

■ On the first issue, Judge Elfvin held that the probation officer's actions did not violate defendant's statutory rights under either § 3653 or Rule 32.1(a)(2). We agree with Judge Elfvin's analysis and affirm with respect to the statutory claims for the reasons stated in his opinion, *United States v. Sackinger,* 537 F.Supp. at 1247–49.

■ We agree with Judge Elfvin's conclusion on the second issue, that the delay in commencing the violation of probation proceeding did not infringe Sackinger's constitutional right to due process, but believe that additional discussion of the problem is appropriate. In the negotiations for the

state plea bargain it was clear that there might be some difficulty in working out the provision to have the state and federal sentences run concurrently. At the plea colloquy on July 22, 1981 the state district attorney said that he did not care if the sentences were served concurrently provided "there is no impediment to it." App. at 22. The state judge also recognized the problem when he noted that the terms and conditions of the state plea agreement were that Sackinger "will get no more than one and a half to three years *from this Court*" and that, *"if possible,* it will run concurrently with any sentence you may receive in federal court." *Id.* at 25 (emphasis supplied). Sackinger's attorney was apparently not certain how the matter should be handled, but said that he would contact the federal probation officer and "determine which way they want to do it." *Id.*

Sackinger's federal probation officer was notified of the guilty plea and, despite inquiries and generalized requests from Sackinger, his mother, and his attorney that the probation violation proceedings commence, he deferred any action, awaiting formal imposition of the state sentence. By delaying action the probation officer followed standard office policy applied in routine cases. He was not informed that Sackinger's state court plea agreement specifically contemplated concurrent sentences and, therefore, was not made aware that Sackinger's case was anything other than routine. After the state sentence was imposed, Sackinger was formally charged with violation of probation; he pled guilty, and Judge Elfvin determined that a consecutive, rather than a concurrent, sentence was appropriate.

 Sackinger's constitutional claim has its roots in the state plea agreement. The terms of such an agreement entered into between a defendant and state prosecuting authorities are generally binding upon and enforceable against the state. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Sackinger argues that by delaying the probation violation proceeding and forcing the state court to be the

first to sentence him, the federal authorities in effect deprived him of effective enforcement of the state's commitment to concurrent sentences. This, he claims, deprived him of liberty without due process.

A somewhat similar argument was raised in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), where a defendant who was on federal parole had been convicted and sentenced on a second federal crime. The Parole Commission filed a detainer while he was serving his second sentence, but announced its intention to defer consideration of the violation charge until completion of the second sentence. Defendant claimed, *inter alia,* that deferral of the revocation decision deprived him of the opportunity to serve the two sentences concurrently and thereby deprived him of liberty without due process of law. The Supreme Court concluded that defendant had not suffered a loss of protected liberty, because the Parole Commission retained full discretion at the end of the interim sentence to impose whatever penalty it might have determined to grant had the revocation proceeding been held soon after the detainer was filed. *Id.* at 88, 97 S.Ct. at 279.

Sackinger's position differs from Moody's, but the differences do not change the result; they merely strengthen the conclusion that his due process rights have not been violated. While Moody could speak only of an "opportunity" for concurrent sentences, Sackinger arguably had something more: a plea agreement which called for concurrent sentences, "if possible". In Moody's case, the Supreme Court concluded that he had not been deprived of any opportunity for concurrent sentencing because, due to the continuing discretion of the Parole Commission, the opportunity still remained after completion of his second sentence.

Sackinger was not deprived of the possibility of having his incarceration limited to the term set by the state court judge. It was certainly within the discretion of the district court judge to refuse to revoke defendant's probation or simply to impose a further sentence of probation as punish-

ment. The district court judge's decision not to follow either of these alternatives, but to impose an additional prison sentence, was aided by full argument by counsel on both sides, and the judge was well aware of the nature of the defendant's plea agreement in the earlier state court proceeding, 537 F.Supp. at 1246, as well as his own inability to impose concurrent sentences. 537 F.Supp. at 1251.

Moreover, we cannot ignore a vital difference between Sackinger's position and that of Moody. Moody's parole and the later crime for which he was sentenced were both under federal jurisdiction; Sackinger's probation was federal, but the subsequent crime and prosecution were under state law so that the competing factors must be weighed in light of the distinct and independent interests of two sovereignties. One way for Sackinger to succeed in his constitutional argument would be to establish that the plea agreement he entered into with the state authorities imposed on the federal court an obligation to fix a federal sentence that ran concurrently. But under the dual sovereignty principle Sackinger could not, by agreement with state authorities, compel the federal government to grant a concurrent sentence. In view of the well-established division of interests and powers under the dual sovereignty principle, see *United States v. Ng,* 699 F.2d 63 at 68–69 (2d Cir.1983) (citing cases), we reject any implication that the federal court is obligated to comply with terms of a plea agreement entered into between the defendant and state authorities. *See Lionel v. Day,* 430 F.Supp. 384, 386 (W.D.Okl.1976) ("obviously no comment or order by a state judge can control the service of a federal sentence").

Nor does Sackinger demonstrate that his state plea agreement obligated the federal probation officer to depart from the standard procedure of his office and expedite the violation proceeding. Sackinger had obtained a state promise of concurrent sentences "if possible". The possibility could have become a reality if the federal sentence were to be imposed first. But neither Sackinger, nor his attorney, nor anyone else on his behalf ever notified the probation officer that the plea agreement contemplated concurrent sentences. The trial judge specifically found that the probation officer was "not aware that defendant's plea arrangement actually called for concurrent sentencing". 537 F.Supp. at 1251. Even assuming, without deciding, that had he known the particulars of the plea agreement the probation officer would have had a duty to depart from office procedure and commence the violation proceeding sooner, Sackinger cannot claim a breach of that duty when he never informed the probation officer of the very circumstance that made the sequence of sentencings so important to him. Consequently, Sackinger's constitutional argument fails.

The third issue, which questions whether Judge Elfvin's imposition of a separate prison term for the probation violation was an abuse of discretion, need not detain us long, for this claim is meritless.

▉ Imposition of sentence for a probation violation is discretionary with the trial judge, *United States v. Lustig,* 555 F.2d 751, 753 (9th Cir.1977); *United States v. Markovich,* 348 F.2d 238, 241 (2d Cir. 1965), and Judge Elfvin acted well within his discretion in determining that the agreement made in state court with respect to the defendant's sentence for attempted burglary was "entirely separate and distinct from the question of what penalty should be imposed as a result of defendant's violation of federal probation", *United States v. Sackinger,* 537 F.Supp. at 1251. Furthermore, the agreement was made in state court between the state and the defendant. Absent any participation of federal officials in the state plea bargain, the federal court was not bound by it in imposing sentence. *See Saulsbury v. United States,* 591 F.2d 1028, 1035 (5th Cir.), *cert. denied,* 444 U.S. 857, 100 S.Ct. 118, 62 L.Ed.2d 77 (1979).

Finally, the state court was and is the appropriate forum for enforcement of the state plea agreement. Before Sackinger's state sentencing, he could have sought some accommodation with the state authorities to

implement his agreement or, failing that, even after imposition of the federal sentence he could have sought to set aside his guilty plea pursuant to N.Y.Crim.Proc.Law § 220.60. He did neither. Even now, he may move to modify or set aside his state sentence pursuant to N.Y.Crim.Proc.Law § 440.20 and thereby eliminate at least that part of the state sentence he has not yet served.

The judgment of the district court is affirmed.