March 10, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1818

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 SUBIR CHAKLADER,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Andrew A. Caffrey, Senior U.S. District Judge]
 

 

 Before

 Boudin, Circuit Judge,
 

 Campbell, Senior Circuit Judge,
 

 and Stahl, Circuit Judge.
 

 

Daniel K. Sherwood, by Appointment of the Court, for appellant.
 
A. John Pappalardo, United States Attorney, with whom Tobin N.
 
Harvey, Assistant United States Attorney, was on brief for the United
 
States.

 

 March 10, 1993
 

 Per Curiam. Appellant Subir Chaklader was ordered
 

by the district court to serve a previously suspended five-

year sentence for violating the conditions of his parole by

committing an assault and battery with a deadly weapon in

California. On appeal, Chaklader argues that the twenty-one-

month delay between the time that California prison officials

first indicated that he would be made available to federal

authorities on a detainer and the commencement of federal

probation revocation proceedings, violated Rule 32.1 of the

Federal Rules of Criminal Procedure and the due process

clause of the United States Constitution.

 BACKGROUND1
 BACKGROUND

 Chaklader was federally indicted in 1983 for one

count of mail fraud and one count of using fraudulently-

obtained credit cards. In 1987, he was sentenced in the

United States District Court for the District of

Massachusetts to a three-year committed sentence on Count 1

and a consecutive five-year suspended sentence with probation

 

1. Some of the facts mentioned below are found only in
appendices filed for the first time with this court by
Chaklader and the government after appeal. They are not part
of the district court record, Chaklader having failed to
raise his Rule 32.1 and due process arguments before the
district court. While facts not contained in the record
below are not properly before this court, we nonetheless set
forth the parties' version of them by way of background to
our conclusion that, even considering the Rule 32.1 and due
process arguments, they are wholly without merit. 

 -2-

for five years on Count 2. Chaklader served the committed

sentence and was released on probation in 1988.

 On May 7, 1990, Chaklader was arrested in

California and charged under state law with attempted murder.

On May 9 and May 14 of that year, the United States Marshal

in California filed detainers against Chaklader for a

probation violation warrant the district judge in

Massachusetts had ordered several days before the offense.2

These detainers sought notification from the California

prison authorities if Chaklader was transferred, available

for federal custody, or released from state custody. 

 On June 27, 1990, Chaklader pled guilty in the

California Superior Court to the lesser charge of assault and

battery with a deadly weapon and was sentenced to a term of

four-years imprisonment that "may run concurrent" with any

federal sentence. Over the next two years, while serving his

state sentence in a state prison, Chaklader says that he

sought unsuccessfully to have federal authorities take

 

2. This petition for revocation of probation, dated May 4,
1990, identified five separate probation violations: (1)
failure to notify his probation officer that he had been
questioned by law enforcement officers; (2) failure to notify
his probation officer that he had been discharged from his
employment; (3) leaving the Southern District of New York
without permission of the Probation Department; (4) failure
to notify his probation officer of a change in residence; and
(5) failure to report to his probation officer as directed.
An additional probation revocation petition alleging
Chaklader's conviction for the offense committed on May 7,
1990 was ordered filed on May 18, 1992. Chaklader's
probation was eventually revoked under the later petition.

 -3-

custody of him. On September 17, 1990, California prison

authorities notified federal authorities that Chaklader was

available on the detainer. When, as Chaklader says, the

federal authorities refused to take custody of him, Chaklader

sought to have the California state courts revoke his state

plea agreement. After failing to get this relief in the

state courts, Chaklader asserts that he filed unsuccessful

petitions for habeas corpus in federal courts in both

California and Massachusetts, seeking to have federal

authorities take custody of him.

 On May 18, 1992, the District Court for the

District of Massachusetts issued a second petition for

revocation of probation for Chaklader's commission of the May

1990 offense. See supra note 2. Chaklader was brought from
 

the California prison to Boston on a writ of habeas corpus ad
 

prosequendum to answer the second probation revocation
 

petition. A probation violation hearing was held on June 1,

1992, approximately twenty-one months after California

authorities had first advised that they were willing to make

Chaklader available to federal authorities for this purpose.

 During the probation violation hearing, Chaklader's

attorney asked the court to consider the time Chaklader had

served on the California sentence in determining what

sentence to impose for Chaklader's probation violation. In

his allocution, Chaklader himself asked the court to consider

 -4-

the California sentence. He further expressed his

frustration over his alleged unsuccessful attempts to have

federal authorities take custody of him so that his sentences

would run concurrently, complaining that he had "been trying

for two years to come here." The district court thereafter

revoked Chaklader's probation and ordered that he serve the

full five-year sentence that had originally been suspended.

The sentence was to be served on and after the California

state sentence.

 This appeal followed.

 DISCUSSION

 On appeal, Chaklader contends that the twenty-one-

month delay between the time California authorities first

indicated their readiness to make him available to federal

authorities (September 17, 1990) and the time of his

probation revocation hearing (June 1, 1992) violated Fed. R.

Crim. P. 32.1 and his rights to a speedy probation hearing

under the due process clause. A serious impediment to these

arguments is that Chaklader did not articulate them below.

Absent plain error, an issue not presented to the district

court cannot be raised for the first time on appeal. United
 

States v. Argentine, 814 F.2d 783, 791 (1st Cir. 1987);
 

United States v. Chambliss, 766 F.2d 1520, 1521 (11th Cir.
 

1985).

 -5-

 Chaklader is unable to establish any error on the

part of the district court, let alone plain error. Rule 32.1

requires the affording of a prompt probable cause hearing

"[w]henever a person is held in custody on the ground that

the person has violated a condition of probation . . . ."

Fed. R. Crim. P. 32.1(a)(1); see United States v. Sackinger,
 

537 F. Supp. 1245, 1249 (W.D.N.Y. 1982), aff'd, 704 F.2d 29,
 

30 (2d Cir. 1983). Thereafter, the revocation hearing shall

be held within a reasonable time. Fed. R. Crim. P.

32.1(a)(2). Contrary to Chaklader's contentions, he was not

in custody on the grounds of his federal probation violation
 

when in 1990 California authorities purportedly indicated his

availability to federal authorities on the detainer.

Chaklader was instead serving, and continued thereafter to

serve, a state sentence in a state facility. Not until May

1992 was Chaklader finally taken into federal custody to

answer for violations of the conditions of his probation.

His probation violation hearing took place less than one

month later. There was thus clearly no violation of Rule

32.1.

 For similar reasons, Chaklader's due process

argument fails as there is "no constitutional duty to provide

petitioner an adversary parole hearing until he is taken into
 

custody as a parole violator . . . ." Moody v. Daggett, 429
 

U.S. 78, 89 (1976) (emphasis added); see also United States
 

 -6-

v. Wickham, 618 F.2d 1307, 1309 n.3 (9th Cir. 1979) (speedy
 

revocation hearing protection under the due process clause is

"not triggered when the warrant is placed as a detainer at an

institution where the probationer or parolee is already in

custody awaiting disposal of an intervening charge or serving

a sentence for a crime committed while on supervised

release."). 

 Chaklader has suffered no prejudice from the

twenty-one-month delay before his federal probation

revocation hearing. It is not alleged that the delay

impaired his ability to contest the revocation. See Wickham,
 

618 F.2d at 1310 (delay must affect probationer's ability to

contest facts of revocation); see also United States v.
 

Marion, 404 U.S. 307, 324 (for pre-indictment delay to be
 

cognizable under due process clause, defendant must show

actual prejudice to the defense of the criminal case).

Indeed, it would be difficult, if not impossible, for

Chaklader to establish such prejudice since he pled guilty to

the underlying California assault and battery charge.

Moreover, the passage of twenty-one months in no way

restricted the district court's ability "to grant,

retroactively, the equivalent of concurrent sentences."

Moody, 429 U.S. at 87. Aware of the California sentence and
 

the time served thereunder, the district court nonetheless

 -7-

chose to require that the reinstated federal sentence be

fully served on and after the California sentence. 

 Thus even accepting Chaklader's version of the

facts, and considering arguments not presented below, there

was no violation of his right to a prompt revocation hearing

either under Rule 32.1 or under the due process clause.

 Affirmed.
 

 -8-