**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0942-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

REGINALD I. EAFORD-MOSES,
a/k/a REGINALD EAFFORD,
REGGIE EAFORD,
REGINALD I. EAFORDMOSES,
REGINALD EAFORDMOSES,
REGINALD JOHNSON, REGINALD
FAISON, and ISAIH MOSES,

    Defendant-Appellant.

_____

Submitted March 5, 2019 – Decided March 22, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-07-1821.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a September 15, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

To better understand defendant's arguments, and why we conclude they are entirely without merit, we chronicle his extensive state and federal criminal history. On December 11, 2013, defendant pled guilty to second-degree eluding in Essex County following a May 2013 incident in which he drove through several red lights and failed to stop his vehicle during a police pursuit (Essex County eluding charge). The court sentenced him to five years of probation on January 8, 2014, with the requirement that he complete the Drug Court program, among other conditions.

Less than a week later, on December 16, 2013, defendant pled guilty to second-degree forgery in Union County (Union County forgery charge). On March 26, 2015, defendant was charged in a Union County indictment with second-degree eluding, fourth-degree aggravated assault, third-degree knowingly exhibiting a false government issued driver's license or other

identification, and third-degree hindering apprehension or prosecution (Union County eluding charge).

On March 11, 2016, defendant was charged in a federal criminal complaint for conspiracy to defraud the United States and aggravated identity theft (federal charges). According to the complaint, while defendant was incarcerated awaiting sentencing for the Essex County eluding charges, he unlawfully obtained personal information from other inmates and filed fraudulent tax returns.

On June 27, 2016, the court in Essex County held a hearing to determine if defendant violated the terms of his probationary sentence for the Essex County eluding charge. At the hearing, the court found that defendant violated his probation by testing positive for using cocaine and alcohol and for falsifying records of attendance at mandatory Alcoholics Anonymous and Narcotics Anonymous meetings.

As a result, the court terminated defendant's Drug Court probation and sentenced him to five years in state prison. Defendant's counsel asked the judge that defendant's "sentence run concurrent with the federal sentence." The court rejected the request because defendant had not "been sentenced [to] anything as of yet, so [the judge] [could not] run anything concurrent." Accordingly, on

June 27, 2016, the court entered an amended JOC, which reflected defendant's five-year term of imprisonment on the Essex County eluding charge. The June 27, 2016 JOC did not include any language referencing the federal charges.

On July 7, 2016, defendant was indicted again in Essex County and charged with numerous bad check offenses and theft by deception (Essex County theft charges). On August 22, 2016, defendant pled guilty to the first count of the Union County eluding charge, second-degree eluding, as well as driving with a suspended license. The Union County eluding charge plea agreement provided that the JOC "will include language that 'this sentence will be served in . . . federal custody.' This language will be included regardless of whether the defendant has been sentenced federally at the time of sentencing for this indictment." On August 26, 2016, the court entered a JOC with respect to the Union County forgery charge which included a provision that the "court has no objection to defendant's sentence being served in federal custody after his sentencing in federal court." The September 30, 2016 JOC related to defendant's Union County eluding charge similarly provided that the sentence "is to be served in a federal facility."

Defendant filed the PCR petition underlying this appeal on September 22, 2016. PCR counsel subsequently filed an amended petition with a supporting

A-0942-17T2

brief. Defendant maintains that his counsel at the June 27, 2016 hearing "was ineffective for requesting the legal impossibility of running the [s]tate sentence concurrent to a non-existent [f]ederal sentence." Defendant further argued that his counsel failed to "request that the [JOC] state that the court had no objection to the sentence being served in federal custody," as was provided in the JOCs related to the Union County forgery and eluding charges. Defendant requested that the PCR court amend his June 27, 2016 JOC to include the aforementioned language.

On September 30, 2016, defendant was sentenced to six years for the Union County eluding charge to run concurrent with defendant's sentences related to the Union County forgery charge and the Essex County eluding charge. On May 5, 2017, defendant was sentenced to three concurrent five-year terms for the Essex County theft charges. The May 5, 2017 JOC also provided that defendant's sentences would run concurrent with his sentences for the Union County forgery and eluding charges. On June 20, 2017, defendant was sentenced to fifty-one months in federal prison related to the federal charges. The federal court ordered the sentence to "run concurrent with but not limited to" defendant's sentence for the Essex County theft charges.

A-0942-17T2

The hearing on defendant's PCR petition was initially scheduled for June 23, 2017, but because defendant "was acting up" in the courthouse and officers "could not control him," he was returned to the State's custody and the hearing was rescheduled for September 15, 2017. The court rejected defendant's argument that plea counsel was ineffective for not requesting language in the JOC that the court would have no objection to a federal court sentence running concurrent to the June 27, 2016 conviction because defendant did not present "any legal authority for his previous counsel to request something that has no bearing on his sentence."

At the September 15, 2017 hearing, the PCR judge, who was also the sentencing judge on the Essex County eluding conviction, noted that defendant's counsel had requested that the court "run [defendant's June 27, 2016 sentence] concurrent with his federal" sentence. The court explained that because defendant "had not been sentenced on his federal charge" at the time of the June 27, 2016 sentence, "it was an impossibility for [the court] to run it concurrent" with the federal sentence. The PCR court further explained that any recommendations contained in the Essex County eluding JOC would not be binding on the federal court's sentencing decisions. Accordingly, the court found defendant "failed to meet his burden" of establishing a prima facie case

6

that he received ineffective assistance of plea counsel and denied defendant's request for an evidentiary hearing. The court entered an order on the same day memorializing its decision, and defendant appealed from that September 15, 2017 order on October 24, 2017.

While defendant's current appeal was pending, he filed a separate PCR petition in which he requested that his JOC for the Essex County theft charges be amended so that his sentence was concurrent to his Essex County eluding charge and a separate theft by deception conviction emanating from Atlantic County. The court granted the application in part, and amended the May 5, 2017 JOC to run concurrent with the defendant's sentence for the Essex County eluding charge.[1]

---

[1] The court denied the application as it related to the Atlantic City theft conviction reasoning that:

> [g]iven that the Atlantic City sentence was imposed after the defendant was sentenced by this [c]ourt, we were in no position at the time of sentencing to run his sentence concurrent to his Atlantic County sentence. The only remedy for this issue is for defense counsel to contact [the sentencing judge's] chambers and seek that they amend the JOC to run his sentence concurrent to his sentence imposed by this court.

A-0942-17T2

As the State contends, as a result of defendant's successful PCR petition, defendant's sentence related to his Essex County eluding charge is now running concurrent to his Essex County bad checks conviction. And because his federal JOC by its terms mandates that it run concurrent to his Essex County bad checks conviction, his Essex County eluding conviction "is effectively running concurrent with the federal sentence."

On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT MISAPPLIED THE LAW IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AS PLEA COUNSEL'S FAILURE TO INVESTIGATE DEFENDANT'S FEDERAL COURT CONVICTION AND ARGUE AT SENTENCING THAT A CONCURRENT SENTENCE WAS APPROPRIATE RESULTED IN INADEQUATE ASSISTANCE OF COUNSEL.

Defendant maintains his counsel's performance was constitutionally deficient, for two reasons. First, he claims that counsel was ineffective by "fail[ing] to investigate defendant's federal court charges and advis[ing] the trial judge so that a favorable argument in support of a concurrent sentence could be

made at sentencing."[2] Specifically, defendant argues that a proper investigation would have established that the Essex County eluding charges and the federal charges resulted from a single period of aberrant conduct justifying concurrent sentences. Second, he maintains that his counsel's performance was constitutionally deficient because counsel failed to request that the court include language in the June 27, 2016 JOC that it had no objection to defendant serving his state sentence in federal custody. Defendant also argues that the court improperly denied his petition without an evidentiary hearing. We find insufficient merit in these arguments to warrant extended discussion in a written opinion, Rule 2:11-3(e)(2), and add only the following brief comments.

We reject defendant's first argument that counsel was deficient in failing to investigate the federal charges. First, a defendant who claims its counsel conducted an inadequate investigation "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Here, there is no affidavit or any certification in the record.

---

[2] Before the PCR court, defendant made a contrary argument, claiming that "[c]ounsel was ineffective for requesting the legal impossibility of running the [s]tate sentence concurrent to a non-existent [f]ederal sentence."

Second, counsel only has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Ibid.

At the June 27, 2016 sentencing hearing, defendant's counsel specifically requested "that [defendant's] sentence run concurrent with the federal sentence." The court rejected counsel's request observing that because defendant had not "been sentenced [to] anything . . . yet, [the court could not] run anything concurrent." As defendant concedes on appeal, it would have been a "legal impossibility" for the court to have ordered defendant's sentence to run concurrent "to a non-existent pending federal sentence." Defendant had not yet been sentenced and it was within the province of the federal court to determine if a sentence it issued should run concurrent to a state sentence. Setser v. United States, 556 U.S. 231, 236 (2012) (explaining it is well-settled that federal judges "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings"); United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983) (holding "under the

dual sovereignty principle," defendant "could not, by agreement with state authorities, compel the federal government to grant a concurrent sentence" when the state sentence was imposed first). Under these circumstances, we conclude defendant's counsel was not ineffective for failing to investigate further defendant's federal charges.[3] See Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

For similar reasons, we reject defendant's claim that counsel was deficient for not requesting that the court include language in the Essex County eluding JOC similar to that in the Union County eluding and forgery JOCs. Any language included in the JOC would not have been binding on the federal court when defendant was sentenced for the federal charges. Indeed, the United States Bureau of Prisons designates the facility in which a federally convicted defendant will be imprisoned, 18 U.S.C. § 3621(b), not the federal sentencing court. See United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); see also Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991) ("neither the federal

---

[3] We also note that other than a conclusory statement, defendant offers no explanation as to how the Essex County eluding charge and the federal charges suggest a single period of aberrant behavior. Based on the record before us, it appears that defendant did not begin committing tax fraud until he was incarcerated on the Essex County eluding charges.

courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently.")

Finally, because defendant failed to present a prima facie claim of ineffective assistance of counsel, an evidentiary hearing was not required. State v. Porter, 216 N.J. 343, 355 (2013); R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0942-17T2